United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK STONE,<br><br>    Plaintiff,<br><br>v.<br><br>POPOUT INC., et al.,<br><br>    Defendants. | Case No. 21-cv-02090-DMR<br><br>**ORDER TO SHOW CAUSE** |

Pro se Plaintiff Jack Stone filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP") on March 23, 2021. [Docket Nos. 1, 3.] On March 26, 2021, the court granted Plaintiff's IFP application and noted that it would determine separately whether the complaint should be served. [Docket No. 8.]

Having reviewed the complaint, it appears that the court lacks subject matter jurisdiction over this action. Plaintiff alleges that he contracted with Defendant Popout, Inc. dba Shippo ("Shippo") "to ship a surfboard and relevant accessories to Plaintiff's residence in Sendai, Japan," and that Shippo was acting as an agent for Defendant DHL Freight USA, Inc. ("DHL"). Compl. ¶ 1. He further alleges that in December 2020, a third party delivered the surfboard and accessories to him in "badly damaged" condition, with the surfboard "destroyed . . . beyond repair." *Id*. at ¶¶ 9, 11. Defendants have failed to process Plaintiff's damages claims and refused to reimburse Plaintiff for his damages. *See generally* Compl. He alleges that he paid a total of $889.94 for the surfboard and accessories and $261.32 in shipping costs, and that Shippo also charged an "unauthorized fee" of $129.00 related to postage. Compl. ¶¶ 4, 6, 15. He appears to bring claims for breach of contract, negligence, and fraudulent misrepresentation. Compl. 2 § C.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v.*

*Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Here, Plaintiff appears to assert state law claims; therefore, Plaintiff may only proceed in federal court if he establishes diversity jurisdiction.

Plaintiff avers that this case fulfills the diversity jurisdiction requirements. *See* Compl. 2. A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. In relevant part, 28 U.S.C. § 1332 provides that parties are diverse when they are "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (2). Parties are diverse only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). "[T]he congressional grant of diversity jurisdiction is to be strictly construed." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Plaintiff claims that he is a resident of Japan, that Shippo is headquartered in San Francisco, and that DHL does business in San Francisco, California. Compl. 2. Based on these allegations, it is not clear whether the parties are diverse, as Plaintiff does not allege his own citizenship or the citizenship of either defendant. To the extent Plaintiff claims jurisdiction is proper under 28 U.S.C. § 1332(a)(1), he must allege that the parties are "citizens of different States." As to Defendants, "a corporation is deemed a citizen of any state where it is incorporated and the state where it has its principal place of business." *Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987) (citing 28 U.S.C. § 1332(c)). Thus, it appears that Shippo may be a citizen of California, since it is headquartered in this state. However, the complaint does not allege facts regarding DHL's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

As to Plaintiff, citizenship is determined based on his United States citizenship and his domicile. *Kantor*, 704 F.2d at 1090. "In order to be a citizen of a State within the meaning of the

diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857. Here, the complaint alleges only that Plaintiff resides in Japan; it does not allege that Plaintiff is a citizen of the United States or that he is domiciled within a state. Therefore, it does not sufficiently allege that he is a citizen of a state for purposes of 28 U.S.C. § 1332(a)(1). *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016) (holding United States citizen who was a permanent resident of Macau "cannot be a citizen of a State for purposes of diversity jurisdiction" because she was not domiciled in a state).

To the extent that Plaintiff relies on 28 U.S.C. § 1332(a)(2), that subsection requires an action to be between "citizens of a State and citizens or subjects of a foreign state." However, the complaint does not allege facts to support diversity jurisdiction under that subsection, as it does not allege that any party is a "citizen[ ] or subject of a foreign state." Moreover, Section 1332(a)(2) does not apply if Plaintiff is a United States citizen, since at least one defendant (Shippo) appears to be an American citizen. *Louisiana Mun. Police Employees' Ret. Sys.*, 829 F.3d at 1056 (holding that "jurisdiction cannot be grounded in § 1332(a)(2)" where "there are American citizens on both sides of the case").

Additionally, Plaintiff alleges that the amount in controversy in this case is $75,000.01. Compl. 2. However, Plaintiff's DHL damages claim, which is attached to the complaint, seeks only the sum of $724.94. *Id*. at ¶ 32, Ex. G. To the extent that Plaintiff seeks reimbursement for the purchase price of the surfboard and accessories in addition to all of the shipping charges he incurred, the total potential damages appears to be $1,280.26, far below the $75,000 minimum required to establish diversity jurisdiction. The complaint contains no allegations supporting Plaintiff's claim that the amount in controversy is actually $75,000.01.

Therefore, by no later than May 26, 2021, Plaintiff shall show cause in writing why this matter should not be dismissed for lack of subject matter jurisdiction. If Plaintiff does not file a timely response to this Order to Show Cause, the court will recommend that the action be

3

dismissed.

The court refers Plaintiff to the section "Representing Yourself" on the court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Center for unrepresented parties. The Legal Help Center may be reached by phone at (415)782-8982.

**IT IS SO ORDERED.**

Dated: May 12, 2021



_____
Donna M. Ryu
United States Magistrate Judge

4